# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 959 | **DATE** | February 22, 2012 |
| **CASE TITLE** | Johnnie Stallings (#2012-0106225) vs. Yvonne Bishop, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted and the initial filing fee is waived. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. Plaintiff's complaint fails to state a claim upon which this court can grant relief, and is dismissed. The dismissal of the complaint shall count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that, having accumulated three dismissals under § 1915(g), he cannot file a new case in federal court without prepaying the filing fee, unless he is in imminent danger of serious physical injury. § 1915(g). This case is closed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Johnnie Stallings, currently incarcerated at the Cook County Jail but previously housed at the Stateville Correctional Center Northern Reception Center ("NRC"), has filed this 42 U.S.C. § 1983 suit against two Stateville disciplinary hearing officers, Yvonne Bishop and Ricky Bishop. Plaintiff asserts that the Defendants made an improperly found him guilty and refused to consider evidence at a disciplinary hearing that resulted in Plaintiff losing six months of good time credit, as well as one year segregation, one year reduced grade status, one year commissary restriction, and six months of restricted contact visits. (*See* Complaint and copy of 11/19/11 Adjustment Hearing Report attached to complaint.) The disciplinary charge asserted that Plaintiff spit on and struck an officer.

Plaintiff seeks to file this suit *in forma pauperis* ("IFP"). A review of his IFP application reveals that Plaintiff cannot prepay the $350 filing fee or an initial partial filing fee. The court thus grants his motion and waives the initial partial fee. The trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this case. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

Although Plaintiff may file his complaint as a pauper, the complaint must be dismissed. A § 1983 action that would undermine the validity of a prison disciplinary decision which directly affects the length of confinement cannot proceed until the prisoner has "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying [disciplinary] conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004), citing *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). The *Edwards* Court applied the rule set in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) – "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated" – to prison disciplinary decisions where the result includes the revocation of good time credit. *See* 520 U.S. at 646-48.

Plaintiff cannot challenge the validity of his disciplinary hearing in a § 1983 action. Before he can obtain

| STATEMENT |
|---|

§ 1983 relief, he must have the disciplinary action declared invalid though a state proceeding or through a federal habeas petition pursuant to 28 U.S.C. § 2254. *Edwards*, 520 U.S. at 646 (denial of exculpatory witnesses in disciplinary hearing revoking good time must first be raised as a habeas corpus challenge before brining a § 1983 action for damages). This court cannot grant relief for Plaintiff's claim presented in a § 1983 action. Nor may this court convert Plaintiff's § 1983 complaint into a petition for habeas corpus relief. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Accordingly, the instant § 1983 complaint presents claims for which this court cannot provide relief and is thus dismissed. *See* 28 U.S.C. § 1915A.

The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). This appears to be Plaintiff's third strike. Plaintiff is warned that he cannot file suit in federal district or appellate court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *See* § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to appeal and proceed IFP on appeal, his motion for leave to appeal IFP must be filed in this court and should set forth the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).